The Cardoza Law Corporation
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone: (415) 488-8041
Facsimile: (415) 651-9700
*Attorney for Plaintiff*,
Allison E. Lintell

UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLISON E. LINTELL<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL & ASSOCIATES, PC, AMERICAN EXPRESS NATIONAL BANK and DOES 1 & 2;<br><br>Defendants | Case No.:_____<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**1.) FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.; AND**<br><br>**2.) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL CIV §§ 1788, ET SEQ.**<br><br>DEMAND FOR JURY TRIAL |

///

///

///

///

COMPLAINT FOR DAMAGES

## INTRODUCTION

1. This is a case about a bank and its debt collection law firm who, directly, and by using an agent pretending to act merely as a process server, physically intimidated and cursed at a vulnerable consumer in her own home, told her lies, and then threatened to do it all over again if she didn't comply with their demands.

2. **ALLISON E. LINTELL** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, attorney fees, and costs, against **MICHAEL & ASSOCIATES, PC, AMERICAN EXPRESS NATIONAL BANK and DOES 1 & 2** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), all of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8. This action arises out of Defendants' violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA").

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

## FDCPA AND RFDCPA

10. In enacting the FDCPA, Congress found that:
    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection

    practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

  b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

  c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

  d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

  e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses.  15 U.S.C. § 1692.

11. Similarly, when enacting the RFDCPA, the California Legislature found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  Cal. Civil Code § 1788.1(a)(1).

12. The FDCPA and the RFDCPA are both strict liability statutes. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

13. To further protect consumers, claims under the FDCPA and RFDCPA are to be

judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

14. Creditors who hire debt collection law firms are vicariously liable for violations committed by those law firms. In the context particularly of the FDCPA, "Congress intended the actions of an attorney to be imputed to the client on whose behalf they were taken." *Fox v. Citicorp Credit Serv., Inc*, 15 F.3d 1507, 1516 (9th Cir. 1994).

15. "The FDCPA … carves out some exceptions to the term "debt collector." § 1692a(6)(A)-(F). It excludes "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt." § 1692a(6)(D). However, a person "who goes beyond being merely a messenger in serving legal process and engages in prohibited abusive or harassing activities to force an individual to repay a debt is no longer exempt under the legal process server exception." *Freeman v. ABC Legal Servs., Inc*,

827 F. Supp. 2d 1065 (N.D. Cal. 2011) citing *Flamm v. Sarner & Associates, P.C., Inc*, No. 02-4302, 2002 WL 31618443, at *5 (E.D.Pa. Nov. 6, 2002)

## PARTIES

16. Plaintiff is a natural person who resides in the County of Riverside, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), "Debtor" as that term is defined by California Civil Code § 1788.2(h).

17. Defendant Michael & Associates, PC (hereinafter "Defendant Michael & Associates") is a California corporation operating from an address of 555 St. Charles Dr. STE 204, Thousand Oaks, CA 91360, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a multi-state debt collection law firm and attempts to collect debts from consumers, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

18. Defendant American Express National Bank (hereinafter "Defendant American Express") is a Delaware corporation operating from an address of 4315 South 2700 West, Salt Lake City, UT 84184, and is a "Debt Collector" as that term is defined by Cal. Civ. Code § 1788.2(c).

19. Defendant Doe 1 (hereinafter "Defendant Doe 1") is a natural person and a process server and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c), and, pursuant to his conduct in the instant case, not entitled to exemption from this definition pursuant to 15 U.S.C. § 1692a(6)(D).

20. Defendant Doe 2 (hereinafter "Defendant Doe 2") is a process server corporation and the employer of Defendant Doe 1, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c), and, pursuant to its conduct in the instant case, not entitled to exemption from this definition pursuant to 15 U.S.C. § 1692a(6)(D).

21. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

22. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned Named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants"

without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## FACTUAL ALLEGATIONS

23. Plaintiff is an individual residing in the County of Riverside in the State of California.

24. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California.

25. Plaintiff had multiple consumer credit card accounts with Defendant American Express, the balances of which were comprised of expenditures for personal, family, and household expenses, and, in the Fall of 2017, lost her corporate job and fell behind on payments.

26. In about January of 2018, Plaintiff contacted Defendant American Express to attempt to work out a payment arrangement and was told that her debt had been charged off and either sold or transferred to a third party and words to the effect that there was nothing Defendant American Express could do to help her.

27. In about the same time-frame, Defendant American Express hired Defendant Michael & Associates to collect Plaintiff's delinquent consumer debt.

28. Defendant Michael & Associates informed Plaintiff, through letters and phone calls, that Plaintiff would be sued unless she paid.

29. Defendant Michael & Associates, in turn, hired Does 1 & 2 who regularly assist

Defendant Michael & Associates in the collection of delinquent consumer debt.

30. Plaintiff lives by herself in a small gated community. There is one access point for both vehicle and pedestrian traffic and it is controlled by a key-coded access gate in order to ensure the security and privacy of the residents.

31. At approximately 3:00pm on or about Monday, April 16, 2018, Plaintiff was home sick from work when the doorbell rang. Plaintiff was not expecting any visitors and had not allowed anyone into the gated community. She peeked out from a side window to observe the front door and saw a Caucasian man standing about 5' 10" tall, weighing about 250 pounds, wearing jeans and sunglasses, and apparently talking to someone on a cell phone. The man rang the doorbell again, and then again two or three more times. Then the man began to pound on Plaintiff's front door with his fist and yelled "Special Delivery for Allison Lintell!" The man then began to kick Plaintiff's front door with his boot causing the entryway to Plaintiff's house to shake while yelling "Allison Lintell! Special Delivery! I know you're in there!" The man yelled Plaintiff's full name 10-15 times, loud enough to be heard down the street and at neighboring houses. The man then yelled "Special Delivery for Allison Lintell – open the door, Bitch!"

32. Plaintiff could hear the man talking on his cell phone and saying words to the effect of "I know she's in there, I know she's in there, the law firm told me this is her address, I know she's in there and I'm not leaving – I'm not going anywhere!" Plaintiff heard the man say into the cell phone words to the effect that he would

try to get into the backyard of Plaintiff's home, whereupon Plaintiff ran upstairs and locked herself in her room.

33. Believing that the police would not help her against a process server, Plaintiff immediately dialed Defendant Michael & Associates who informed Plaintiff that their phone call was being recorded and admitted that the man downstairs kicking Plaintiff's front door had indeed been sent to her house by Defendant Michael & Associates. Plaintiff protested vehemently, told Defendant Michael & Associates that she was afraid, and told Defendant Michael & Associates that it was only a matter of time until one of her neighbors called the police and that she didn't want her neighbors to know about her debts. The man at the door then went away and did not leave anything behind.

34. On or about April 25, 2018, Plaintiff received Defendants' summons and complaint by mail that included a request for Plaintiff to acknowledge receipt of the same with her signature and return it by mail. Shortly thereafter Plaintiff called Defendant Michael & Associates who told her that Plaintiff had only a certain amount of time to sign and return the receipt and acknowledgement of the complaint or else Defendant Michael & Associates "would use other methods to serve the complaint." Interpreting this statement as a threat from Defendant Michael & Associates to again send the man to her house, Plaintiff agreed to acknowledge the summons by mail on the condition that Defendant Michael & Associates not send the man again. Plaintiff signed and returned the Receipt of

Summons shortly thereafter and, believing that the next event of consequence would not occur until October of 2018, subsequently filed no papers with the State Court.

35. On or about Friday, July 1, 2018, approximately 68 days after Plaintiff signed and returned the acknowledgement and receipt of the summons, Defendant Michael & Associates, in an attempt to induce Plaintiff to pay them, called Plaintiff and told her that the deadline for Plaintiff to file an Answer with the State Court was Monday, July 3, 2018. Stressed, Plaintiff called the Riverside Court Clerk who informed her that her deadline to file an Answer had, in fact, passed over a month prior.

### ACTUAL DAMAGES

36. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by these Defendants in the form of, fear, invasion of privacy, personal embarrassment, loss of productive time, nausea, and feelings of anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF § 1692D OF THE FDCPA

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. A debt collector violates § 1692d of the FDCPA when it engages in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

39. Defendants violated § 1692d when they, among other qualifying actions and omissions, willfully annoyed, abused, and harassed Plaintiff by deploying Defendant Does 1 & 2 to her home, and , while fully aware of the abusive and intimidating conduct of Defendant Does 1 & 2, threatening to send them again.

## COUNT II

### VIOLATION OF § 1692E OF THE FDCPA

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42. Defendants violated § 1692e when they, among other qualifying actions and omissions, used deceptive means to attempt to collect a debt, to wit: physically intimidating Plaintiff under the guise of serving legal process, and deliberately mis-informing Plaintiff of her deadline to file an answer to their complaint.

## COUNT III

### VIOLATION OF § 1692F OF THE FDCPA

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint

as though fully stated herein.

44. A debt collector violates § 1692f of the FDCPA when it uses unfair or unconscionable means to collect or attempt to collect any debt.

45. Defendants violated § 1692f when they, among other qualifying actions and omissions, willfully and without justification, by deployed Defendant Does 1 & 2 to her home to physically intimidate Plaintiff under the guise of serving legal process, and then, while fully aware of the abusive and intimidating conduct of Defendant Does 1 & 2, threatening to send them again, and by deliberately mis-informing Plaintiff of her deadline to file an answer to their complaint.

## COUNT IV

### VIOLATION OF § 1788.10(A) OF THE RFDCPA

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. A defendant violates § 1788.10(a) of the RFDCPA when it uses or threatens to use physical force or violence or any criminal means to cause harm to the person, or the reputation, or the property of any person.

48. Defendants violated § 1788.10(e) of the RFDCPA when they willfully used and/or threatened to use physical force, violence and/or criminal means to cause harm to Plaintiff, her reputation, and her property.

## COUNT V

### VIOLATION OF § 1788.11(E) OF THE RFDCPA

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. A defendant violates § 1788.11(e) of the RFDCPA when it communicates with the debtor with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances.

51. Defendants violated § 1788.11(e) of the RFDCPA when Defendant Doe 1 committed the conduct complained of herein at Plaintiff's home.

## COUNT VI

### VIOLATION OF § 1788.17 OF THE RFDCPA

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

54. Defendants violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692d, § 1692e, and § 1692f.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against each Defendant and for Plaintiff, and,

    b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against each Defendant and for Plaintiff, and,

    Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against each Defendant and for Plaintiff, and,

    c) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against each Defendant and for Plaintiff, and,

    d) Award to Plaintiff of such other and further relief as may be just and proper.

## **TRIAL BY JURY IS DEMANDED.**

55. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

THE CARDOZA LAW CORPORATION

DATED: July 24, 2018

BY: /s/ MICHAEL F. CARDOZA
MICHAEL F. CARDOZA, ESQ.
(SBN: 194065)
MIKE.CARDOZA@CARDOZALAWCORP.COM
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 488-8041
FACSIMILE:  (415) 651-9700

ATTORNEY FOR PLAINTIFF,
ALLISON E. LINTELL